UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MALEEHA QAZI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STAGE STORES, INC. d/b/a PEEBLES, INC.,<br><br>Defendant. | **COLLECTIVE ACTION COMPLAINT**<br><br>**CIVIL ACTION NO.** |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Maleeha Qazi ("Plaintiff"), by and through undersigned counsel, individually and on behalf of all others similarly situated, and hereby alleges the following allegations and causes of action against Defendant Stage Stores, Inc. d/b/a Peebles, Inc. ("Defendant" or "Stage Stores"), as follows:

### I. STATEMENT OF CASE

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), on behalf of herself and all current and former Store Managers ("SMs") and Store Manager Trainees ("SMTs"), as well as other similarly situated current and former employees holding comparable positions but different titles, who work or worked for Stage Stores at their Peebles locations within the United States who will opt into this action pursuant to the FLSA (the "Collective Action Members"). Stage Stores violated the FLSA by failing to pay Plaintiff and other Collective Action Members overtime premium compensation for hours worked over 40 in any workweek.

2. Stage Stores, Inc., a Nevada corporation with its headquarters in Houston, Texas, does business under the brands Peebles, Stage, Bealls, Palais Royal and Goody's. Stage Stores, Inc. operates approximately 187 Peebles branded specialty department stores locations across 21

states.  According to Stage Stores, Inc.'s 10-K annual report filed with the S.E.C. for the fiscal year ending January 28, 2017:

> Stage Stores, Inc. and its subsidiary ("we," "us" or "our") operate specialty department stores primarily in small and mid-sized towns and communities. We provide customers a welcoming and comfortable shopping experience in our stores and through our direct-to-consumer business. Our merchandise assortment is a well-edited selection of moderately priced brand name and private label apparel, accessories, cosmetics, footwear and home goods

Stage Stores, Inc. Form 10-K at 4 (April 3, 2017).  As of January 2017, Stage Stores, Inc.'s annual revenue is estimated at approximately $1.4 billion.  *Id*.

3. Defendant may be served through its registered agent, Cogency Global Inc., whose address is 1601 Elm St., Suite 4360, Dallas, TX 7520.

4. Pursuant to corporate policy, Stage Stores classifies its SMTs and SMs as exempt from overtime pay requirements in contravention of the FLSA, even though Plaintiff and other SMTs and SMs primarily perform duties that are non-exempt in nature, including: selling merchandise; working the sales floor; restocking products; marking down sale items; keeping clothes organized; operating the register; and other general customer service duties.

5. Further, Defendant has uniformly failed to accurately track or record actual hours worked by SMTs and SMs and has failed to provide SMTs and SMs with a method to accurately record the hours actually worked.  In willful disregard of federal wage and hour law, Defendant has failed and refused to pay Plaintiff and other SMTs and SMs for all hours worked, including overtime premium pay for hours worked over 40 in a workweek.

6. Plaintiff seeks on behalf of herself and other current and former SMTs and/or SMs and similarly situated current and former employees employed by Defendant, however variously titled, who elect to opt-in to this action pursuant to the FLSA: (i) unpaid wages for all hours worked including those above 40 in a workweek, as required by law, (ii) liquidated damages and/or prejudgment interest, and (iii) attorney's fees and litigation expenses.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court is also empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

10. At all relevant times, Plaintiff and putative Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

11. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Stage Stores.

12. Stage Stores is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

13. At all times relevant, Plaintiff and putative Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

14. Stage Stores is a covered employer within the meaning of the FLSA and has had gross revenues exceeding $500,000.00 for all relevant time periods.

15. Stage Stores is subject to personal jurisdiction in Texas.

16. Stage Stores is headquartered in Houston, Texas (Harris County).

17. Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendant is a resident of the State in which the Southern District of Texas is located.

## III. THE PARTIES

*Plaintiff Maleeha Qazi*

18. Plaintiff Maleeha Qazi resides in Indianapolis, Indiana (Marion County). Plaintiff worked as an SMT from approximately January 2015 until August 2015 at a Peebles location in

Troy, New York (Rensselaer County) and as an SM from approximately August 2015 until May 2016 at a Peebles location in East Greenbush, New York (Rensselaer County).

19. Plaintiff regularly worked over 40 hours in a workweek for Stage Stores' benefit during her employment as an SM and SMT.

20. Pursuant to Stage Stores' policy, pattern or practice, Plaintiff was not paid proper compensation for all hours worked, including overtime compensation for all hours worked over 40 in a workweek.

21. A written consent to join form for Plaintiff is attached hereto as **Exhibit A.**

*Defendant Stage Stores, Inc. d/b/a Peebles*

22. Stage Stores, Inc. is a Nevada corporation with its principal place of business at 2425 West Loop South, Houston, Texas.

23. Stage Stores, Inc. does business under various trade names or marks, including Peebles, Stage, Bealls, Palais Royal and Goody's.

24. There are approximately 187 Peebles branded specialty department stores in the United States.

25. Defendant employed (or acted in the interest of an employer towards) Plaintiff and other similarly situated current and former SMTs and/or SMs and (directly or indirectly) controlled and directed the terms of employment and compensation of Plaintiff and other similarly situated current and former SMTs and/or SMs.

26. Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former SMTs and SMs including, without limitation, those terms and conditions relating to the claims alleged herein.

4

## IV. COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings her FLSA claims as a collective action on behalf of herself and on behalf of all other Collective Action Members who work or have worked for Defendant between October 18, 2013, and the date of final judgment in this matter (the "Collective Action Period").[1]

28. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and Collective Action Members.

29. There are numerous similarly situated current and former Collective Action Members who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and Collective Action Members are similarly situated in that they have substantially similar job duties and are subject to Stage Stores' common compensation policies, patterns, and/or practices, including without limitation Stage Stores' misclassification of Plaintiff and Collective Action Members as exempt from the protections of the FLSA.

31. The primary job duties of Plaintiff and Collective Action Members were non-management in nature as set forth herein. Where the performance of non-exempt duties occupied the majority of Plaintiff's and Collective Action Members' working hours.

32. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and all Collective Action Members and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

---

[1] The statute of limitations for FLSA and state wage and hour claims was tolled on behalf of Plaintiff and similarly situated SMTs and SMs nationwide by agreement of the parties from September 27, 2016 through February 19, 2018, such that the three year statute of limitations includes any Collective Action Members who worked for Stage Stores from October 18, 2013 through present.

5

33. Upon information and belief, Stage Stores did not perform a person-by-person analysis of the job duties of SMTs and/or SMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

34. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate the Plaintiff and Collective Action Members. Upon information and belief, there are at least 187 similarly situated current and former SMTs and/or SMs who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated SMTs and SMs are known to Defendant, are readily identifiable, and can be located through Stage Stores records.

35. Plaintiff and the Collective Action Members, all of whom regularly worked more than 40 hours in a workweek, were employed by Defendant as SMTs and/or SMs.

36. Stage Stores failed to pay Plaintiff and Collective Action Members for all hours worked as well as overtime compensation for the hours they worked over 40 in a workweek due to the policy of classifying SMTs and SMs company-wide as exempt.

37. Stage Stores failed to keep accurate records of all hours worked by Plaintiff and the Collective Action Members.

38. Throughout the relevant period, it has been Defendant's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them overtime wages for all overtime hours worked.

39. The work that Plaintiff and the Collective Action Members have performed was assigned by Defendant or Defendant was aware of the work they performed.

40. The work and overtime work performed by Plaintiff and the Collective Action Members constitute compensable work time under the FLSA and was not preliminary, postliminary, or *de minimus*.

41. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiff and the members of the Collective Action Members, which was authorized, established, promulgated, and/or ratified by

6

Stage Stores' corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time the Plaintiff and the Collective Action Members have worked for the benefit of Stage Stores;

    b. willfully failing to keep accurate time records as required by the FLSA or applicable state wage and hour laws;

    c. willfully failing to credit Plaintiff and the Collective Action Members for all hours worked including overtime hours, consistent with the requirements of the FLSA;

    d. willfully failing to pay Plaintiff and the Collective Action Members wages for all hours worked including overtime wages for hours worked in excess of 40 hours per workweek;

    e. willfully classifying Plaintiff and the Collective Action Members as exempt despite their primary duties being non-exempt in nature; and

    f. failing to provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each location, when Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in labor budgets resulted in Plaintiff Collective Action Members (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform non-exempt duties during their workweeks, without receiving overtime compensation—which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt employees.

42. As a sophisticated employer operating over 187 Peebles locations throughout the country, Defendant was aware or recklessly disregarded the fact Plaintiff and Collective Action Members were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any FLSA exemption. Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA, Defendant acted willfully or recklessly in failing to classify Plaintiff and Collective Action Members as non-exempt employees.

43. Stage Stores' unlawful conduct has been widespread, repeated, and consistent.

## V.     COMMON FACTUAL ALLEGATIONS

44.     Throughout their employment with Defendant, Plaintiff and the Collective Action Members consistently worked more than 40 hours per workweek.

45.     Defendant was aware that Plaintiff and Collective Action Members worked more than 40 hours per workweek, yet Stage Stores failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

46.     The primary duties of Plaintiff and Collective Action Members were non-exempt.

47.     The tasks that Plaintiff and the other SMTs regularly performed include but are not limited to:

   a.     completing required training;

   b.     selling merchandise;

   c.     working the sales floor;

   d.     restocking products;

   e.     marking down sale items;

   f.     keeping clothes organized;

   g.     operating the register; and

   h.     performing other general customer service related duties.

48.     Plaintiff's and the other SMTs' primary job duties did not include:

   a.     hiring, firing, promoting, or disciplining other employees;

   b.     implementing management policies, practices, and procedures;

   c.     committing Stage Stores in matters having significant financial impact;

   d.     setting employees' wages; or

   e.     determining how many labor hours could be allocated to their store.

49.     The tasks that Plaintiff and the other SMs regularly performed include but are not limited to:

8

      i.      selling merchandise;

      j.      working the sales floor;

      k.      restocking products;

      l.      marking down sale items;

      m.      keeping clothes organized;

      n.      operating the register; and

      o.      performing other general customer service related duties.

50.      Plaintiff's and the other SMs' primary job duties did not include:

      f.      hiring, firing, promoting, or disciplining other employees;

      g.      implementing management policies, practices, and procedures;

      h.      committing Stage Stores in matters having significant financial impact;

      i.      setting employees' wages; or

      j.      determining how many labor hours could be allocated to their store.

51.      The primary duties of Plaintiff and Collective Action Members did not differ substantially from the duties of non-exempt hourly paid employees.

52.      Plaintiff and Collective Action Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

53.      Plaintiff and Collective Action Members did not have the discretion or authority to make any decisions with respect to matters of significance and were required to follow the policies, practices, and procedures set by Defendant. Plaintiff and Collective Action Members did not have any independent authority to deviate from these policies, practices, and procedures.

54.      Store managers and district managers, not SMTs and/or SMs, were responsible for the overall performance of the stores.

## VI.    CAUSES OF ACTION

### Count One – Unpaid Overtime Compensation in Violation of the FLSA
### Plaintiff and SMTs as Collective Action Members

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they have been set forth herein.

56. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

57. Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

58. At all relevant times, Plaintiff and SMTs as Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

59. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Stage Stores.

60. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

61. At all times relevant, Plaintiff and SMTs as Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

62. Defendant has failed to pay Plaintiff and SMTs as Collective Action Members the overtime wages to which they were entitled under the FLSA.

63. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Stage Stores has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the SMTs as Collective Action Members.

64. Because Stage Stores' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

65. As a result of Stage Stores' willful violations of the FLSA, Plaintiff and SMTs as Collective Action Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

66. As a result of the unlawful acts of Stage Stores, Plaintiff and SMTs as Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**Count Two – Unpaid Overtime Compensation in Violation of the FLSA**
**Plaintiff and SMs as Collective Action Members**

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they have been set forth herein.

68. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

69. Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

70. At all relevant times, Plaintiff and SMs as Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Stage Stores.

72. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

73. At all times relevant, Plaintiff and SMs as Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

74. Defendant has failed to pay Plaintiff and SMs as Collective Action Members the overtime wages to which they were entitled under the FLSA.

75. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Stage Stores has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and SMs as Collective Action Members.

76. Because Stage Stores' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77. As a result of Stage Stores' willful violations of the FLSA, Plaintiff and SMs as Collective Action Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, et seq.

78. As a result of the unlawful acts of Stage Stores, Plaintiff and SMs as Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Collective Action Members, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated STMs and SMs of the nature of this action and of their right to join this lawsuit;

B. Certification of the FLSA collective;

C. Designation of Plaintiff as representative of the Collective Action Members, and counsel of record as Class Counsel;

D. Equitable tolling of the FLSA statute of limitation as a result of Defendant's failure to post requisite notices under the FLSA;

E. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state

|   |   |
|---|---|
|   | unemployment insurance and any other required employment taxes; |
| F. | Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the Collective Action Members; |
| G. | Pre-judgment interest and post-judgment interest, as provided by law; |
| H. | Attorneys' fees and costs of the action, including expert fees; and |
| I. | Such other relief as this Court deems just and proper. |

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Collective Action Members demand a trial by jury on all triable issues raised by this Collective Action Complaint.

Respectfully submitted,

**s/ Alan L. Quiles**
Alan L. Quiles, Esq.
SBN: 24075418
E-Mail: aquiles@shavitzlaw.com
Gregg I. Shavitz, Esq. (*pro hac vice* application forth coming)
E-mail: gshavitz@shavitzlaw.com
Paolo C. Meireles, Esq. (*pro hac vice* application forth coming)
E-mail: pmeireles@shavitzlaw.com
Logan A. Pardell, Esq. (*pro hac vice* application forth coming)
E-mail: lpardell@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Marc S. Hepworth (*pro hac vice* application forth coming)
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum (*pro hac vice* application forth coming)
E-mail: cgershbaum@hgrlawyers.com
David A. Roth (*pro hac vice* application forth coming)
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan (*pro hac vice* application forth coming)
E-mail: rpredovan@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802

New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Counsel for Plaintiff and the Collective*