UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALEEHA QAZI, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-780 |
| | § | |
| STAGE STORES, INC. D/B/A | § | |
| PEEBLES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiffs' Motion to Conditionally Certify Collective Action and to Approve and Facilitate Notice to Similarly Situated Employees (the "Certification Motion.") (Doc. No. 42.) Plaintiffs ask the Court to conditionally certify a nationwide class and allow for notice to be distributed to the potential opt-ins in the present lawsuit. Defendant asks the Court to deny the Certification Motion.

**I.    BACKGROUND**

Plaintiffs brought this Fair Labor Standards Act ("FLSA") case as a putative class action on behalf of themselves and other employees of Defendant Stage Stores, Inc. or Specialty Retailers, Inc. d/b/a Peebles ("Defendant.")[1] (Doc. No. 42 at 8.) Plaintiffs were employed as Store Managers, working in eight different stores across four states at various times. *Id.* Defendant classified Store Managers as exempt from the FLSA's overtime provisions at all times relevant to this lawsuit. *Id.* Plaintiffs argue that this exempt classification violated the FLSA because they spent "the majority of their workdays performing non-exempt duties such as selling merchandise;

---

[1] Defendant states that the proper name of the party who employed Plaintiffs is Specialty Retailers, Inc. d/b/a Peebles, rather than Stage Stores, Inc. d/b/a Peebles. (Doc. No. 44 at 7.)

1

working on the sales floor; restocking products; marking down sale items; keeping clothing organized; operating the register; and other general customer service duties, working on assignments provided by corporate; and filling in for hourly associates." *Id.* Plaintiffs argue that they are similarly situated to each other as well as members of the potential class because (1) they were all subject to the same uniform policy regarding compensation, (2) the job description for Store Managers is the same regardless of store location or size, and (3) Store Managers had similar "customer service, sales, and operations job duties," (Doc. No. 42 at 8, 11-12.) Plaintiffs support their contentions with declarations from each of the potential class representatives, as well as fifteen uniform job postings, and deposition testimony of Defendant's corporate representative. (Doc. No. 42 at 8; Doc. No. 82 at 7.) When deposed by Plaintiffs, Defendant's corporate representative admitted that the variations that existed between store manager positions in various stores did not affect whether the manager was considered exempt. (Doc. No. 82 at 18.)

Defendant argues that the Court should deny the Certification Motion. Defendant claims that nationwide certification is inappropriate because many issues would need to be individually determined, and the only company-wide policy applicable to Plaintiffs is an official policy which is legal. (Doc. No. 44 at 25.) Defendant supports its position by comparing the declarations and depositions of Plaintiffs with the deposition of current Store Manager Holly Watts and the declarations of eleven current Store Managers. (Doc. No. 80 at 7.)

Defendant also opposes notification of some potential class members on the basis that they may be bound to individually arbitrate their claims. (Doc. No. 44 at 17.) Defendant states that 16 members of the proposed putative class have arbitration agreements. *Id.* Plaintiffs do not challenge the validity of these arbitration agreements, but rather argue that arbitration concerns should not be addressed at this stage of litigation. (Doc. No. 51 at 8.)

2

## II. APPLICABLE LAW

The Fair Labor Standards Act allows employees to sue an employer for violations of the Act's overtime provisions. Suits to recover overtime pay "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

*Conditional Class Certification*

To determine whether employees are "similarly situated" under § 216(b), courts in the Fifth Circuit look to the two-step *Lusardi* approach. *See e.g.*, *Walker v. Hongua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). At the first step of the *Lusardi* approach, courts must decide whether notice of the action should be given to potential class members. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The court's decision at this stage is made using a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Id.* at 1214; *see also Tolentino v. C & J Spec–Rent Servs. Inc.*, 715 F. Supp. 2d 642, 647 (S.D. Tex. 2010) ("The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively."). A plaintiff may proceed collectively only if the challenged conduct is a generally applicable rule, policy, or practice. *McKnight v. D.Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Therefore, conditional certification should be denied when the action arises from circumstances purely personal to the plaintiff. *Id.*

In order to obtain conditional certification, the plaintiff must make a "minimal showing" that: (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the

3

claims and defenses asserted. *Aguirre v. SBC Commc'ns, Inc.*, No. H–05–3198, 2006 WL 964554, at *6 (S.D. Tex. April 11, 2006). With regard to the second factor, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995–96 (E.D. Tex. 2011). In making this assessment, "the court need not find uniformity in each and every aspect of employment to determine that a class of employees is similarly situated." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 288 (N.D. Tex. 2012).

*Notice*

The Fifth Circuit has held that in a FLSA class action, where an employee has entered into a valid arbitration agreement, "it is error for a district court to order notice to be sent to that employee as part of any sort of certification." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 (5th Cir. 2019).

## III. ANALYSIS

Defendant urges the Court to deny the Certification Motion, relying heavily on the disparities between the declarations and depositions submitted by Plaintiffs and those submitted by current Store Managers. However, while Defendant's declarations and Holly Watts' deposition paint a very different picture of Store Manager responsibilities from the evidence submitted by Plaintiffs, these statements are classic examples of "happy camper" declarations. To the extent that these declarations are probative, they speak to a merits-based defense that Defendant's compensation policy does not violate the FLSA. While Defendant's evidence contradicts the story told by the depositions of current Plaintiffs as to the duties of Store Managers, they do not show that the experiences of the Plaintiffs themselves varied so widely that their concerns are primarily personal or that the Court would be unable to manage a class.

4

Plaintiffs have met their burden in showing that aggrieved individuals exist and are similarly situated under the "lenient" *Lusardi* standard. Plaintiffs in this case have submitted declarations of five putative class members. These members worked at eight different stores across four states. When deposed by Plaintiffs, Defendant's Corporate Representative stated that store managers were considered exempt regardless of the duties they performed. Thus, there is no dispute that Plaintiffs were subject to a common policy that exempted them from overtime pay; rather, there is a dispute about whether this policy was a violation of the FLSA. The legality of Defendant's policy is a question better resolved once the parties have had the opportunity to conduct full discovery. The Court need not find total uniformity, and here it is clear that Plaintiffs were all subject to the same pay practice and job requirements.

However, the Court finds that, under Fifth Circuit precedent, Defendant is correct that notice to potential class members who have signed arbitration agreements with Defendant is inappropriate at this time. Notice should therefore be distributed only to individuals who are not subject to arbitration agreements.

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Certification Motion. Therefore, it is hereby:

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** and this collective action is conditionally certified pursuant to 29 U.S.C. § 216(b) as a collective of all current and former Store Managers ("SMs") employed by Defendant, Specialty Retailers, Inc. d/b/a Peebles, nationwide at any time from October 18, 2013 through present (the "Collective").

**IT IS FURTHER ORDERED AND ADJUDGED** that within 14 days of this Order Defendant shall deliver to Plaintiffs' counsel a computer-readable data file containing the names,

last known mailing addresses, last known home and cell phone numbers, last known personal and work email addresses, social security numbers, and work locations for all Collective members.

**IT IS FURTHER ORDERED AND ADJUDGED** that the form of the Notice and Consent to Join Form shall be the Notice attached as Exhibit I to Plaintiffs' Motion.

**IT IS FURTHER ORDERED AND ADJUDGED** that Notice and Consent to Join Forms shall be sent to all members of the Collective, except those with arbitration agreements, via First Class U.S. Mail, email, and text message.

**IT IS FURTHER ORDERED AND ADJUDGED** that a Reminder Postcard shall issue via First Class U.S. Mail, email, and text message to members of the Collective, except those with arbitration agreements, who, as of halfway through the completion of the notice period, have not submitted a completed Consent to Join Form.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs are authorized to create a website at which members of the Collective may review the Notice and electronically submit a Consent to Join Form.

**IT IS FURTHER ORDERED AND ADJUDGED** that a copy of the Notice shall be posted in a conspicuous location in the "break room" or similar office space where such legal notices are normally posted at each of Defendant's locations in which Collective members are or were employed.

**IT IS FURTHER ORDERED AND ADJUDGED** that a copy of the Notice and Consent to Join Form shall be included in currently employed Collective members' pay envelopes or other method of delivery of Collective members' paycheck information as may be applicable, so long as those individuals have not signed arbitration agreements.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 18 day of June, 2018.

Hon. Keith P. Ellison
United States District Court Judge