UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MALEEHA QAZI, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> STAGE STORES, INC. D/B/A PEEBLES, § <br> INC.; dba GOODY'S AND SPECIALITY § <br> RETAILERS, INC.; dba STAGE; dba § <br> BEALLS AND SPECIALITY § <br> RETAILERS, INC., § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:18-CV-0780 |

## **MEMORANDUM AND ORDER**

Pending before this Court is Defendants' Emergency Motion to Stay and to Certify Order for Interlocutory Appeal. (Doc. No. 116). Defendants seek certification to appeal this Court's June 18, 2019 Order granting Plaintiffs' Motion to Certify Class.[1] (Doc. No. 86, at 2). Defendants also request that the Court stay distribution of notice of this lawsuit to putative collective members while Defendants seek review before the Fifth Circuit. *Id.*

Although Defendants only seek to appeal the Court's June 18, 2019 Order conditionally certifying the class, some discussion of the procedural events since that Order is necessary in order

---

[1] Defendants are not clear in their Motion whether they are also appealing the Court's order at the February 28, 2020 hearing on Defendants' Motion for Clarification. (Minute Entry 2/28/2020). Rather, they seek a stay of both orders, and state that they intend to "seek review of this Court's order approving sending notice of the collective action to individuals who cannot participate in a collective action as a result of arbitration agreements they entered into with [Defendants]." (Doc. No. 116, at 2). The Court will refer only to its June 18, 2019 Memorandum and Order because that Order seems to match this description best. Additionally, the Court's clarification of its June 18, 2019 Order in response to Defendants' Motion for Clarification neither involves a controlling question of law nor would an immediate appeal materially advance the termination of litigation, as required by 28 U.S.C. § 1292(b). Thus, the Court will not grant certification to appeal its February 28, 2020 decision.

1

to clarify the Court's decision. On July 25, 2019, Defendants filed a Motion for Clarification, in which it sought clarification of the Court's June 18, 2019 Order on conditional certification. (Doc. No. 87). Defendants then filed a Motion to Compel Individual Arbitration and Dismiss on January 6, 2020. (Doc. No. 98). The Court heard argument on both motions at a hearing on February 28, 2020. Because Defendants styled their first motion as one seeking clarification, the Court responded to the motion from the bench by clarifying that its original June 18, 2019 Order meant to exclude only the sixteen individuals subject to Defendants' 2017 Alternative Dispute Resolution (ADR) agreement. (Minute Entry 2/28/2020). The Court then heard argument on Defendants' Motion to Compel Individual Arbitration, including parties' arguments on the effects of the Supreme Court's decision in *Lamps Plus v. Varela*, 139 S. Ct. 1409 (2019), on the 2004 ADR agreement, before taking the motion under advisement. *Id.*

Because the Court had clarified its June 18, 2019 Order, the agreed stay on the case was lifted, and the parties filed a Joint Proposed Scheduling Order. (Doc. No. 113). The Court granted the Scheduling Order; accordingly, conditional certification notices and consent to join forms are to be disseminated by March 27, 2020. (Doc. No. 114).

On March 17, 2020, the Court issued a Memorandum and Order denying Defendants' Motion to Compel Arbitration, holding that Defendants had waived their right to arbitrate by substantially invoking the judicial process. (Doc. No. 155, at 18). Defendants filed their Emergency Motion on March 20, 2020. (Doc. No. 116).

Certification of interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate only where (1) the order "involves a controlling question of law," (2) "there is substantial ground for difference of opinion" on that question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The burden of demonstrating the need for such an appeal

falls on the moving party. *Coates v. Brazoria Cty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013). The district court's decision to permit an interlocutory appeal is discretionary. *Id.*

Defendants argue that their appeal is necessary because the Court's decision to allow notice to be sent to putative collective members who are subject to the 2004 ADR agreement rests on an important controlling question of law that has yet to be considered by the Fifth Circuit. That is, how the Supreme Court's decision in *Lamps Plus* affects eligibility to receive notice in a collective action when putative collective members are subject to arbitration agreements that are ambiguous about collective action rights. However, this is an inaccurate representation of the Court's decision in this matter. The Court's June 18, 2019 Order and its subsequent clarification relied on the parties' own representations that only sixteen individuals should be exempted from notice because of arbitration agreements. Prior to the Court's June 18, 2019 Order, Defendants never suggested to either Plaintiffs or this Court that any other potential collective members would be barred from receiving notice because of arbitration agreements. The Court did, however, take up Defendants' arguments regarding those individuals subject to the 2004 ADR agreement and *Lamps Plus* in its Order ruling on Defendants' Motion to Compel Individual Arbitration, issued on March 17, 2020. (Doc. No. 115, at 15–17). The Court did not rule on the merits of Defendants' argument, because it found that Defendants had waived their rights to arbitration for the putative collective members subject to the 2004 ADR agreement by substantially invoking the judicial process. *Id.* at 18 ("Because Defendants have waived their right to arbitration under their 2004 ADR agreements with named Plaintiffs and putative collective members through their invocation of the judicial process in this litigation, they cannot now compel arbitration.").

Although Defendants are not seeking interlocutory appeal of the Court's latest March 17, 2020 Order, that Order affects Defendants' arguments on whether the Court should certify

interlocutory appeal of its prior June 18, 2019 Order. Because the Court has found that Defendants have waived their rights to arbitration under the 2004 ADR agreement, with regards to putative collective members, an appeal of the Court's June 18, 2019 Order will not materially advance the termination of the litigation, as required by § 1292(b). Even if the Fifth Circuit finds that *Lamps Plus* has changed the way courts should certify collective actions in which individual collective members are subject to arbitration clauses, that finding would not change the outcome in this case, where this Court has found that Defendants have waived any right to arbitrate under their 2004 ADR agreement, and thus, issuance of notice is appropriate for all putative class members subject to that agreement. Because an appeal of the June 18, 2019 Order would not change the outcome of this case after the Court's March 17, 2020 Order, the statutory requirements for certification have not been met. Because the Court is not certifying an interlocutory appeal, there is no reason to stay the case.

For the foregoing reasons, the Court **DENIES** Defendants' Emergency Motion to Stay and to Certify Order for Interlocutory Appeal.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 23rd day of March, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE